UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LUCRETIA MICHELLE ROBINSON | CIVIL ACTION |
| VERSUS | NO. 13-175-JJB-RLB |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | |

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 8, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| LUCRETIA MICHELLE ROBINSON | CIVIL ACTION |
| VERSUS | NO. 13-175-JJB-RLB |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Lucretia Michelle Robinson (Plaintiff), seeks judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) pursuant to 42 U.S.C. § 405(g) denying Plaintiff's application for supplemental security income benefits. (R. Doc. 1). Plaintiff alleged that she became disabled on January 1, 2009, based on the following impairments: depression, heart problems and stomach problems. (Tr. 166, 212).[1] Having found all of the procedural prerequisites met (Tr. 1-7, 124-25), the Court has properly reviewed Plaintiff's appeal. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you . . . file an action in Federal district court . . . ."). For the reasons given below, the Court **RECOMMENDS** that the decision of the Commissioner should be **AFFIRMED** and Plaintiff's appeal be **DISMISSED with prejudice**.

---

[1] References to documents filed in this case are designated by: (R. Doc. [docket entry number(s)] at [page number(s)]). Reference to the record of administrative proceedings filed in this case is designated by: (Tr. [page number(s)]).

## II. STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to an inquiry into whether there is substantial evidence to support the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938) (defining "substantial evidence" in the context of the National Labor Relations Act, 29 U.S.C. § 160(e)). The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983) (quotations omitted). Conflicts in the evidence are for the Commissioner "and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) ("This is so because substantial evidence is less than a preponderance but more than a scintilla."); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988) ("we must carefully scrutinize the record to determine if, in fact, such evidence is present; at the same time, however, we may neither reweigh the evidence in the record nor substitute our judgment for the Secretary's"); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (same).

If the Commissioner's decision is supported by substantial evidence, then it is conclusive and must be upheld. *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000). If the Commissioner fails to apply the correct legal standards, or fails to provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987).

## III. ALJ'S DETERMINATION

In determining disability, the Commissioner (through an ALJ) works through a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520(a)(4). The burden rests upon the claimant throughout the first four steps of this five-step process to prove disability. If the claimant is successful in sustaining his or her burden at each of the first four steps, the burden shifts to the Commissioner at step five. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991) (explaining the five-step process). First, the claimant must prove he is not currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). Second, the claimant must prove his or her impairment is "severe" in that it "significantly limits your physical or mental ability to do basic work activities . . . ." 20 C.F.R. § 404.1520(c). At step three the ALJ must conclude the claimant is disabled if he proves that his or her impairments meet or are medically equivalent to one of the impairments contained in the Listing of Impairments. *See* 20 C.F.R. § 404.1520(d) (step three of sequential process); 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments). Fourth, the claimant bears the burden of proving he is incapable of meeting the physical and mental demands of his or her past relevant work. 20 C.F.R. § 404.1520(f).

If the claimant is successful at all four of the preceding steps then the burden shifts to the Commissioner to prove, considering the claimant's residual functional capacity, age, education and past work experience, that he or she is capable of performing other work. 20 C.F.R §

4

404.1520(g)(1). If the Commissioner proves other work exists which the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work. *Muse*, 925 F.2d at 789.

Here, after reviewing the evidence contained in the administrative record (Tr. 139-41), the ALJ made the following determinations:

1. Plaintiff has not engaged in substantial gainful activity since September 27, 2010, the application date.

2. Plaintiff has the following severe impairment: depression.

3. Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing — specifically, Listing 12.04 (Affective Disorders).

4. Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but with the following nonexertional limitations: unskilled work involving repetitive tasks with few changes in work process and no more than occasional interaction with the general public.

5. Plaintiff is unable to perform any past relevant work, including her past relevant work as a hair stylist.

6. Considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform: hand washer, laundry bagger, and light housekeeper.

(Tr. 131-37).

## IV. DISCUSSION

### A. Residual Functional Capacity — Physical Limitations

Plaintiff first argues that substantial evidence does not support the ALJ's finding that she could "perform a full range of work at all exertional levels" (Tr. 132-33), because non-examining consultant, Dr. Mark Walker, limited Plaintiff to medium work (Tr. 170-72). The Court agrees with Plaintiff to the extent the ALJ's RFC assessment includes the ability to perform both heavy

and very heavy work.[2] The record does, however, support a finding that Plaintiff is capable of performing work at a medium, light, or sedentary exertion level. *See* 20 C.F.R. § 404.1567(c) (a person capable of performing medium work, which involves lifting up to 50 pounds occasionally and 25 pounds frequently, can also perform light and sedentary work). Dr. Mark Walker initially determined Plaintiff was capable of performing medium work after considering medical records showing Plaintiff achieved 8.2 METs on an October 11, 2010 'exercise tolerance' or 'exercise stress' test. *See* (Tr. 310) (8.20 METs achieved on exercise stress test); (Tr. 214) ("Overall stress test is normal. No ST-T changes suggestive of ischemia. No exercise induced chest pain. . . . Patient achieved 94% of target heart rate."). The ability to achieve 8.20 METs indicates Plaintiff can perform work at a level below heavy work — i.e., medium, light or sedentary. *See also Moore v. Sullivan*, 919 F.2d 901, 904 n.2 (5th Cir. 1990) ("An individual who achieves greater than nine METs is theoretically capable of carrying objects in excess of ninety pounds and performing the work of a lumberjack and heavy laborer."); *Cross v. Reliance Standard Life Ins. Co.*, 261 F. App'x 708, 709 n.2 (5th Cir. 2008) (ability to exercise at a level greater than 9 METs is equivalent to heavy work (quoting Thomas Stedman, *Stedman's Medical Dictionary*,

---

[2] The Social Security Administration classifies jobs according to 5 levels of exertion: sedentary, light, medium, heavy, and very heavy. Medium, heavy and very heavy work are defined as follows:

> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.
>
> Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds. If someone can do heavy work, we determine that he or she <u>can also do medium, light, and sedentary work</u>.
>
> Very heavy work involves lifting objects weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more. If someone can do very heavy work, we determine that he or she <u>can also do heavy, medium, light and sedentary work</u>.

20 C.F.R. § 404.1567(c)-(d) (emphasis added).

(*Stedman's*), 136370 (27th ed. 2000) ("3-5 METs for light work; more than 9 METs for heavy work"))).

So, while the record does not support a finding that Plaintiff can perform a full range of work at all exertional levels — i.e., the ability to perform heavy and very heavy work — this does not entitle Plaintiff to relief. The ALJ also found she was capable of performing medium, light and sedentary work, a finding that is supported by substantial evidence. Moreover, the vocational expert (VE), upon whose testimony the ALJ relied at step 5, found Plaintiff was capable of working as a hand washer, housekeeper, and a bagger. (Tr. 161-63). Each of these occupations qualifies as light work. The ALJ's error is therefore harmless, as it did not change the outcome of the overall decision. *See Zeno v. Comm'r of Soc. Sec.*, 2014 WL 1364958, at *10 (W.D. La. April 4, 2014) (Even if the record did not support the ALJ's finding that he could "perform a full range of work at all exertional levels" . . . the record still supports a finding of no disability based on the testimony of the VE, who offered only examples of light/medium occupations, and upon whom the ALJ could reasonably rely. Any alleged error by the ALJ as described is harmless and does not warrant reversal of the disability determination."); *Knight v. Comm'r of Soc. Sec.*, 2014 WL 235494, at *6 (W.D. Mich. Jan. 22, 2014) (ALJ's finding that claimant had the RFC to perform the "full range of work" was harmless error: "Even if the Court assumes that the ALJ's conclusion that Plaintiff can perform medium, heavy, and very heavy work is faulty, such does not entitle Plaintiff to relief. The ALJ also found that Plaintiff was capable of performing light and sedentary work, a determination that is supported by substantial evidence."); *Blackstone v. Astrue*, 2014 WL 253538, at *3 (D. Md. Jan. 17, 2014) ("because the vocational expert identifies an occupation that fits within the parameters of the limitation that was omitted, the ALJ's failure amounts to harmless error").

### B. Residual Functional Capacity — Mental Limitations

Plaintiff next argues that the ALJ failed to incorporate into the RFC the mental limitations imposed by consultative examiner, Dr. James Van Hook. (R. Doc. 10 at 7). As Plaintiff points out, the ALJ adopted Dr. Van Hook's opinion. As part of his opinion, Dr. Van Hook found Plaintiff was moderately limited in her ability to tolerate stress. Plaintiff however contends that the RFC is not supported by substantial evidence because it does not account for this limitation. The Court cannot accept Plaintiff's argument, however, because the RFC does account for that limitation by restricting Plaintiff to performing "repetitive tasks with few changes in work process and no more that occasional interaction with the general public." (Tr. 133). The performance of repetitive tasks in a routine and structured environment is consistent with low-stress work environments. *See Temple v. Callahan*, 114 F.3d 1195, at *2 (10th Cir. 1997) (affirming the Commissioner's denial of benefits where the RFC was "consistent with [] low-stress job[s] requiring simple, routine, and repetitive tasks"). Therefore, substantial evidence also supports the mental portion of the residual functional capacity assessment.

### C. Step 5 — Vocational Expert

Finally, Plaintiff suggests that the Commissioner did not carry its burden at step 5 because the ALJ's hypothetical posed to the VE was based on an RFC that is not supported by substantial evidence. The Court has already found that the ALJ's error in finding Plaintiff capable of performing very heavy and heavy work was harmless because there is substantial evidence that Plaintiff can perform medium, light and sedentary work. The RFC adopted by the ALJ is the same hypothetical posed to the vocational expert. That hypothetical included the same non-exertional limitations referenced above. Any error associated with the hypothetical was likewise harmless as the VE only proposed jobs at a light exertional level. (Tr. 161)

("washer, hand, which is considered a light, unskilled position"; "bagger . . . [i]t is light and unskilled"; "housekeeper, considered light and unskilled"). Again, the record does support that Plaintiff can perform light work subject to certain non-exertional limitations. Therefore, the hypothetical elicited reliable testimony from the VE upon which the ALJ appropriately relied. Any error at step five is harmless.

## V. RECOMMENTATION

For the reasons given above, the Court **RECOMMENDS** that the Commissioner's decision be **AFFIRMED** and that Plaintiff's appeal be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on August 8, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**